UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

JACKSON GREEN, LLC,　　　　　　　　　　　Case No. 1-11-14038-tsu

　　　　　Debtor.

**DEBTOR'S BRIEF IN OPPOSITION TO WELLS FARGO BANK N.A.'S MOTION TO DISMISS OR MODIFY THE AUTOMATIC STAY**

The Debtor Jackson Green, LLC, by its attorney Terrence J. Byrne of Byrne and Krautkramer Law Office respectfully submits this Brief in Opposition to Wells Fargo Bank N.A.'s Motion to Dismiss or Modify the Automatic Stay.

I.　**INTRODUCTION**

Jackson Green, LLC ("Jackson Green") filed a second chapter 11 bankruptcy ("Jackson Green II") on June 23, 2011 to conduct a fair and equitable Bankruptcy Code Section 363 sale to pay in-full all of its creditors. Jackson Green filed a previous reorganization chapter 11 bankruptcy on January 9, 2009 ("Jackson Green I"). Jackson Green owns and operates a commercial office building and parking lot in Chicago, Illinois. Jackson Green does not seek a modification of the previous chapter 11 plan nor a reorganization plan under the second chapter 11 filing. Jackson Green had informed Wells Fargo, prior to the Chapter 11 filing, that the Chapter 11 would be filed in order to proceed with a Bankruptcy Code Section 363 sale, in which Wells Fargo did not object to. The Debtor will obtain a real estate agent and will generate the maximum amount of publicity to obtain the maximum value from the properties. One hundred (100%) percent of the net cash flow is being paid to Wells Fargo and Jackson Green has

1

offered additional adequate protection to Wells Fargo in continuing to maintain the property and the insurance. More importantly, granting relief from the automatic stay is not in the best interest of the Debtor's creditors, because a section 363 sale would realize sufficient proceeds to permit the Debtor to make payments to pay all other creditors in-full. The property is valued at $25 million and Wells Fargo's claim is approximately $18 million, which provides for equity in the property of about $7 million. (Debtor's Schedule D; Wells Fargo's Brief at 14 ¶ 48.) Thus, the equity in the property will permit Jackson Green to pay off all of its creditors in-full.

Despite the Debtor's efforts to work with Wells Fargo Bank N.A. ("Wells Fargo"), Wells Fargo has filed a motion to dismiss the chapter 11 or obtain relief from the automatic stay. Wells Fargo wrongly contends that it is entitled to relief from the automatic stay or dismissal of the second bankruptcy on the following basis: that the first confirmation order provides for relief; that the second case is a bad faith serial filing; that the case should be dismissed under 11 U.S.C. § 1112(b); that under 11 U.S.C. § 305(a)(1) dismissal is in the best interest of its creditors; and that the automatic stay should be terminated under 11 U.S.C. § 362(d). (Wells Fargo's Brief at 2 ¶ 6.) As further discussed below, Wells Fargo's motion should be disallowed in its entirety, because the second chapter 11 bankruptcy was filed in good faith in order to conduct a fair and equitable Bankruptcy Code Section 363 sale to pay off all of its creditors in full and Wells Fargo is adequately protected.

II. **DISCUSSION**

A. The Second Chapter 11 Bankruptcy Was Filed in Good Faith and Is Permitted to Continue Under the Bankruptcy Code

A debtor is permitted to file a subsequent chapter 11 bankruptcy that is filed in good faith. In In re Jartran, Inc., 886 F.2d 859, 866-67 (7th Cir. 1989), the Seventh Circuit stated that "[I]t is equally clear that the provisions of the Code permit the arrangement at issue here; serial

Chapter 11 filings are permissible under the Code if filed in good faith, as are liquidating Chapter 11 plans." The Seventh Circuit further elaborates: "[T]here is no prohibition of serial good faith Chapter 11 filings in the Code-indeed, there is not even a time limit on successive filings parallel to that imposed on individuals or family farmers." Id. at 869-70. "The code clearly by its terms permits serial good faith Chapter 11 filings, even where the effect is to circumvent protections generally afforded creditors under the Code's provisions failed reorganizations." Id. at 871. More importantly, the Seventh Circuit affirmed the bankruptcy court's denying the creditor's motion to dismiss for the subsequent filing and permitted the debtor in Jartran, Inc. to continue in the second chapter 11 bankruptcy. Id. In In re Casa Loma Associates, 122 B.R. 814 (Bankr. N.D. Ga. 1991), the Bankruptcy Court for the Northern District of Georgia similarly permitted a second Chapter 11 petition filed in good faith: "…[T]he focus of inquiry should be on the debtor's good faith, i.e. whether or not there was a pattern or strategy behind the filings to frustrate statutory requirements and abuse the bankruptcy process." (internal quotations omitted).

The Jackson Green II filing similarly complies with the Bankruptcy Code as a good faith filing and thus should not be dismissed. Wells Fargo mistakenly alleges that the Debtor filed a second chapter 11 bankruptcy to wrongly "maintain possession over the Property…" which is sufficient cause to warrant dismissal of the bankruptcy as a bad faith filing under 11 U.S.C. § 1112(b). (Wells Fargo's Brief at 8 ¶ 27 and 10 ¶ 31.) On the contrary, Jackson Green does not seek to maintain possession over the commercial office building and parking lot, but desires to propose a fair and equitable section 363 sale plan to realize sufficient proceeds to pay not only Wells Fargo, but also to pay in full its other creditors. This second filing proposing a 363 sale plan is permitted under the bankruptcy code. See, In re Jartran, Inc., 886 F.2d 859 (7th Cir.

3

1989). Jackson Green had also informed Wells Fargo prior to the second filing that the purpose of the filing was to conduct a section 363 sale and not to conduct a second reorganization, and Wells Fargo did not object to the filing. Furthermore, Wells Fargo is adequately protected as one hundred (100%) percent of the net cash flow is being paid to Wells Fargo and Jackson Green has offered adequate protection to Wells Fargo. Wells Fargo's Brief fails to provide any substantiation of bad faith, abuse, or frustration of the filing requirements by the Debtor. The cases cited by Wells Fargo are also distinguishable in that each case had a specific and substantial overriding factor indicating bad faith which is not present in this case: In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1310 (2d Cir. 1997) (petition filed in bad faith where debtor never intended to reorganize, but rather to "relitigate"); In re 801 S. Wells St. Ltd. P'ship, 192 B.R. 718, 727 (Bankr. N.D. Ill. 1996) (Involuntary filing by junior mortgagees was not intended to reorganize debtor); In re Original IFPC Shareholders, Inc., 317 B.R. 738, 752 (Bankr. N.D. Ill. 2004) (Debtor had a single intangible asset of greatly speculative value); In re HBA E., Inc., 87 B.R. 248, 262 (Bankr. E.D.N.Y. 1988) ("These Debtors filed their Chapter 11 petitions as a litigation tactic."); and In re Motel Properties, Inc., 314 B.R. 889, 897 (Bankr. S.D. Ga. 2004) ("The new plan contemplates a second reorganization as opposed to a liquidation."). Accordingly, the Jackson Green II petition was filed in good faith, because Jackson Green desires to propose a fair and equitable section 363 sale plan to realize sufficient proceeds to pay in-full all of its creditors, Wells Fargo did not object to the filing, and Wells Fargo is adequately protected.

### B. The Chapter 11 Bankruptcy Is in the Best Interests of the Debtor and Its Creditors

Dismissals are generally not favored: "Dismissal under section 305(a)(1) is considered an extraordinary remedy. Great care must be shown in exercising the court's discretion, particularly

given the limited review of a decision to dismiss under that section." In re Luftek, Inc., 6 B.R. 539, 548 (Bankr.E.D.N.Y.1980) (internal quotations and citations omitted). "Section 305(a)(1) dismissals are meant to be the exception rather than [the] rule." Id. (internal quotations omitted).

Wells Fargo incorrectly contends that dismissal under 11 U.S.C. § 305(a)(1) is in the best interests of the debtor and its creditors and complains that Wells Fargo is delayed in foreclosing on the properties. (Wells Fargo's Brief at 13 ¶ 42; 14 ¶ 47.) Wells Fargo citation to In re Int'l Zinc Coatings & Chem. Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) is clearly distinguishable from this case as the debtor in that case "long since ceased doing business, and its estate has no assets." The purpose of the Jackson Green II filing is to provide a fair and equitable forum for all creditors in order to sell both properties. It is in the best interest of all creditors to continue with the second chapter 11 bankruptcy, because the sale would realize enough proceeds to pay all creditors in-full. In contrast, granting Wells Fargo's motion to dismiss would only serve Wells Fargo's interest rather than permitting the Debtor to realize enough sale proceeds to pay all creditors in full. Furthermore, Wells Fargo's interest in the properties is adequately protected from being paid all the net rental income from the properties, and Wells Fargo will be able to credit bid on a section 363 sale for the properties. The Jackson Green II filing also is in the best interest of the Debtor, because Jackson Green will have the opportunity to propose a plan to sell the properties and repay all of its creditors and not only Wells Fargo. In addition, Wells Fargo's interest in the property is adequately protected as discussed further below.

### C. Relief From Stay Should be Denied Because Wells Fargo is Adequately Protected

Wells Fargo's interest in the properties is adequately protected from the Debtor offering to pay all the net rental proceeds from the properties, continuing to maintain the property, and providing for insurance. Wells Fargo mistakenly contents that it should be granted relief from

5

the automatic stay, because of the original confirmation order from the Jackson Green I bankruptcy and under 11 U.S.C. § 362(d)(1) for cause as a "bad faith filing." (Wells Fargo's Brief at 5 ¶ 18; 15 ¶ 51).

First, the original confirmation order from the Jackson Green I bankruptcy does not permit relief from the automatic stay from the Jackson Green II bankruptcy's automatic stay. Wells Fargo wrongly contends that the first confirmation order provides for relief in a subsequent bankruptcy filing (Wells Fargo's Brief at 5 ¶ 18); however, **nowhere** in the first confirmation order is relief from the automatic stay permitted in a subsequent bankruptcy filing. In addition, the Seventh Circuit acknowledged that a separate bankruptcy is distinct from the previous proceeding:

> Fruehauf insists that leases assumed under Jartran I fall within the scope of this provision. However, we are now dealing with Jartran II, and the leases have not been assumed in this proceeding. ... Fruehauf seeks priority for expenses incurred prior to Jartran II ... None of these expenses were actual or necessary for preserving the estate in Jartran II, which was not yet extant.

<u>In re Jartran, Inc.</u>, 886 F.2d at 871. (7th Cir. 1989). Thus the automatic stay continues to be operative in Jackson Green II.

Second, as previously discussed the Jackson Green II petition was filed in **good faith** in order to sell the property and realize enough proceeds **to pay all creditors in full**, and thus relief from the automatic stay is not appropriate. In addition, the Debtor is paying **one hundred (100%) percent of the net cash flow** from the properties to Wells Fargo and has continued to maintain the property and insurance as adequate protection. The Debtor had also notified Wells Fargo of the second Chapter 11 bankruptcy filing prior to its filing. Because the Debtor has filed in good faith and will continue to provide adequate protection to Wells Fargo, cause does not exist for relief from the automatic stay and Wells Fargo's motion for relief should be denied.

### III. CONCLUSION

For the above stated reasons, the Debtor respectfully requests that the Court deny Wells Fargo's Motion to Dismiss or Modify the Automatic Stay.

Dated this 12th day of July, 2011.

BYRNE & KRAUTKRAMER LAW OFFICE

Terrence J. Byrne
Attorney for Debtor
P.O. Box 1566
Wausau, WI 54402-1566
(715) 848-2966